**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| GARRETT SIMMS, individually and on behalf of all others similarly situated, <br><br> v. <br><br> DM COMMUNICATIONS, LLC | **Case No. 4:23-cv-01236** <br> FLSA Collective Action <br><br><br> **Jury Trial Demanded** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Garrett Simms brings this lawsuit to recover unpaid overtime wages and other damages owed by DM Communications, LLC ("DM Communications").

2. DM Communications paid Simms and other DM Communications employees like him an hourly rate and a small commission.

3. Simms and other DM Communications employees like him regularly worked in excess of 40 hours in a week.

4. When Simms and other DM Communications employees worked more than 40 hours in a week, DM Communications did not pay them the proper overtime rate for their overtime hours.

5. Instead, DM Communications generally paid Simms and the workers like him only their regular hourly rate, without any overtime premium.

6. So if DM Communications did pay Simms and the other workers for working more than 40 hours in a week, their overtime rate was not calculated at 1.5x Simms and these workers' "regular rate." 29 U.S.C. § 207 (a), (e).

7. DM Communications' failure to pay overtime wages and to calculate overtime based on employees' regular rates violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

8. This collective action seeks to recover the unpaid wages and other damages owed to Simms and other workers like him at DM Communications.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because DM Communications maintains its principal office in this District and Division.

11. Simms worked for DM Communications in this District and Division.

12. Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

13. **Garrett Simms** is a natural person who is a resident and citizen of Texas.

14. Simms was, at all relevant times, an employee of DM Communications.

15. Simms worked for DM Communications from February 2020 to January 2023.

16. Simms represents a collective of similarly situated workers under the FLSA. *See* 29 U.S.C. § 216(b). This FLSA Collective is defined as:

> **All current and former employees of DM Communications, LLC who were, at any point in the three years between the filing of this complaint and the entry of final judgment, paid on an hourly basis, but whose overtime compensation was not at least 1.5x their regular rate of pay.**

17. Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Employees."

18. **DM Communications, LLC ("DM Communications")** is a Texas corporation with its headquarters and principal place of business in Harris County, Texas.

19. DM Communications may be served by service upon its registered agent, **Danish Meghani, 11190 Beechnut St., Ste. A2, Houston, Texas 77072**, or by any other method authorized by law.

### COVERAGE UNDER THE FLSA

20. At all relevant times, DM Communications was an employer of Simms and the within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, DM Communications was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, DM Communications was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. During at least the last three years, DM Communications has had gross annual sales in excess of $500,000.

24. During at least the last three years, DM Communications was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

25. DM Communications employs many workers, including Simms, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

26. The goods and materials handled, sold, or otherwise worked on by Simms and other DM Communications employees and that have been moved in interstate commerce include, but are not limited to, telephones and telecommunication equipment.

## FACTS

27. DM Communications sells T-Mobile wireless phones and services. *See* DM Communications, About Us, http://www.dmcommunicationsllc.com/aboutus.html (last visited Mar. 31, 2023).

28. Simms was an hourly employee of DM Communications.

29. DM Communications never paid Simms a salary.

30. DM Communications never paid Simms on a fee basis.

31. DM Communications paid Simms by the hour.

32. DM Communications also paid Simms a commission.

33. Simms reported the hours he worked to DM Communications on a regular basis.

34. Simms's hours are reflected in DM Communications' records.

35. Simms normally worked more than 40 hours in a week.

36. But Simms was not paid an overtime premium for any hours worked in excess of 40 in these workweeks:

37. Simms was instead paid at his regular hourly rate for any hours worked in excess of 40 in these workweeks.

38. For example, during the pay period from September 1, 2022, to September 15, 2022, Simms's hourly rate was $13 per hour.

39. In addition to his hourly rate, Simms was also paid some commission for his work that pay period.

40. During that pay period, Simms worked 118.45 hours.

41. For his overtime hours, Simms was paid only his hourly rate of $13 per hour.

42. Thus, Simms was not paid an overtime premium at the regular rate required by the FLSA for any of his overtime hours.

43. In other words, Simms's overtime pay was not paid based on all remuneration paid to Simms, as required by the FLSA. 29 U.S.C. § 207(e).

44. DM Communications was aware of the overtime requirements of the FLSA.

45. DM Communications nonetheless failed to pay certain hourly employees, such as Simms, overtime at the rates required by the FLSA.

46. DM Communications' failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

47. The illegal pay practices DM Communications imposed on Simms were likewise imposed on the FLSA Collective Members.

48. Simms employs many other workers who worked over 40 hours per week and were subject to DM Communications' same pattern, practice, and policy of failing to pay overtime at 1.5x the workers' regular rates of pay.

49. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

50. Based on his experience and tenure with DM Communications, Simms is aware that DM Communications' illegal practices were imposed on the FLSA Collective Members.

51. These workers were similarly situated within the meaning of the FLSA.

52. DM Communications' failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective Members.

53. These employees are victims of DM Communications' unlawful compensation practices and are similarly situated to Simms in within the meaning of the FLSA.

54. Any differences in job duties do not detract from the fact that these salaried workers were entitled to overtime pay.

55. DM Communications' failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective members.

56. The FLSA Collective members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION–OVERTIME VIOLATIONS OF THE FLSA

57. Simms incorporates all other allegations.

58. By failing to pay Simms and the FLSA Collective members overtime at 1.5 times their regular rates, DM Communications violated the FLSA. 29 U.S.C. § 207(a).

59. DM Communications owes Simms and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

60. DM Communications owes Simms and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

61. DM Communications knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay overtime compensation to Simms and the FLSA Collective members.

62. Because DM Communications knew, or showed reckless disregard for whether, its pay practices violated the FLSA, DM Communications owes these wages for at least the past three years.

63. DM Communications' failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

64. Because DM Communications' decision not to pay overtime was not made in good faith, DM Communications also owes Simms and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

65. Simms and the FLSA Collective members are entitled to their unpaid wages under the FLSA, including overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

**RELIEF SOUGHT**

Wherefore, Simms prays for judgment against DM Communications as follows:

(a) For an order certifying this a collective action for the FLSA claims;

(b) For an order finding DM Communications liable for violations of state and federal wage laws with respect to Simms and the FLSA Collective members;

(c) For a judgment awarding all unpaid wages, liquidated damages, and penalties to Simms and the FLSA Collective members;

(d) For a judgment awarding costs of this action to Simms and the FLSA Collective members;

(e) For a judgment awarding attorneys' fees to Simms and the FLSA Collective members;

(f) For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law Simms and the FLSA Collective members; and

(g) For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
TX Bar # 24069719
S.D. Tex. ID # 1076547
**PARMET PC**
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**

# JURY DEMAND

Simms demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*

_____
**Matthew S. Parmet**